917 F.2d 564
 136 L.R.R.M. (BNA) 2543
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TENNESSEE VALLEY AUTHORITY, Plaintiff-Appellee,
v.
SALARY POLICY EMPLOYEE PANEL, Defendant-Appellant.
 No. 89-6397.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1990.
 
 Before KEITH, KRUPANSKY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 This action was brought by the Tennessee Valley Authority, pursuant to 28 U.S.C. Secs. 1331, 1337, and 1345 (1982), to vacate a labor arbitration award, rendered on December 4, 1988. The district court ultimately held that the arbitrator's award, in favor of the grievant, did not "draw its essence" from the collective bargaining contract. Accordingly, the district court entered an order vacating the award. The grievant appeals from the district court's order.
 
 
 2
 Having carefully reviewed the record and briefs submitted in this case, we find no error warranting reversal. We, therefore, AFFIRM the judgment of the district court for the reasons set forth in the September 20, 1989 opinion and order of the Honorable R. Allen Edgar, United States District Judge for the Eastern District of Tennessee.
 
 
 3
 KEITH, Circuit Judge, dissenting.
 
 
 4
 The majority has affirmed the district court's opinion on the basis that the arbitrator's award did not "draw its essence" from the collective bargaining agreement. Because I find that United Paperworkers International Union v. Misco, Inc., 484 U.S. 29 (1987) is controlling precedent, I respectfully dissent.
 
 
 5
 Courts play only a limited role in reviewing an arbitrator's decision. See id. at 36. Absent fraud by the parties or an arbitrator's dishonesty, reviewing courts are not authorized to reconsider the merits of an award, as this would undermine the preference for private settlement of labor disputes by arbitration without governmental intervention. See id. at 36-37. ("The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract."). Therefore, under Misco the reviewing court must determine whether the arbitrator's award "draws its essence from the collective bargaining agreement" and does not simply reflect the arbitrator's own notions of "industrial justice." Id. at 36. As long as the arbitrator's award meets the minimal requirement of drawing its essence from the collective bargaining agreement, it is legitimate and should be upheld.[1]
 
 
 6
 Here, the arbitrator conducted an investigation into the merits of the case and relied on a reasonable interpretation of the collective bargaining agreement. (The arbitrator upheld TVA's termination of Rachel Adcock for participating in the travel fraud scheme, determined that TVA delayed investigating the travel fraud, and awarded pay to Adcock for four five-day work weeks.) In reviewing the arbitrator's decision, the district court reconsidered the merits of the award. The district court applied its own interpretation of the collective bargaining agreement, and conducted its own analysis. Because I believe the district court overreached by conducting a de novo review of the facts and the application of the law to this case, I would reverse the district court's judgment.
 
 
 
 [1]
 In an earlier decision, Steelworkers v. America Manufacturing Co., 363 U.S. 564 (1960), the Supreme Court addressed this issue:
 The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for.
 The courts, therefore, have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim.
 Id. at 567-68 (emphasis added).